STEPPACHER, ARNOLD & COMPANY, Appellants, v. JAMES SAUNDERS, Defendant; BENJAMIN P. SAUNDERS, Respondent.

### Kansas City Court of Appeals, April 4, 1898.

Fraudulent Conveyances: CHANGE OF POSSESSION: INSTRUCTION. Under the statute a sale of chattels to be valid against creditors must be accompanied with an open, notorious continued change of possession, and in a contest between the vendee and the creditors of the vendor an instruction withdrawing the question of the continuousness of such possession from the consideration of the jury is error.

*Appeal from the Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED.

JOHN W. COOTS and JAS. W. COBURN for appellants.

(1) The evidence show clearly that Jim Saunders was in possession of the goods from and before the date of the mortgage under which Ben bought until and up to the date of the levy by the sheriff on appellants' execution, and that he advertised the stock of goods in his own name. There was no such a change of possession as would notify the public or any person of a change of ownership. (2) The mildest criticism on the instruction would be that it was very misleading. It actually told the jury that in making their verdict they need not take such evidence into consideration, as it was of no importance in the case.

BENJAMIN PHILLIP and CHAS. H. HILLIX for respondent.

(1) This is an action at law. The issue of fact has been passed upon by the jury and found in favor of the claimant. Appellate courts in this state can not reverse the judgment of the trial court merely on the weight of the evidence. O'Connell v. R'y, 106 Mo. 482; Dean v. Chandler, 44 Mo. App. 338–346; Watson v. Stromburg, 46 Mo. App. 630; Henry v. R'y, 109 Mo. 488; College v. Borck, 44 Mo. App. 19. (2) The second assignment of error in appellants' argument is that there was no evidence of any change in the possession of the goods from and before the date of the mortgage under which Ben Saunders bought until the date of the levy by the sheriff on appellants' execution, such as would notify the public or any person of a change of ownership. No such issue was submitted by the court to the jury below, nor did the appellants ask such issue to be submitted by any instruction, nor is any

such issue in this case.   The case must be tried here on the same theory on which it was tried below.

ELLISON, J.—The plaintiff had a judgment against James Saunders.   They issued an execution thereon and had it levied on the stock of goods in controversy as the property of James Saunders.   Benjamin Saunders, a brother of James, made claim to the goods in the hands of the sheriff, as is provided by statute, and the contest here is between Benjamin and the plaintiffs, the latter contending that James is yet (as to them) the owner of the goods.   The judgment below was for the defendant claimant. .

STATEMENT.

It appears that James Saunders was the owner of the stock and being indebted to his brother Benjamin, as well as to some wholesale houses, he gave a deed of trust to Benjamin securing his claim.   This deed of trust was foreclosed by a public sale made by the trustee, Benjamin becoming the purchaser. An invoice was taken, though James was retained in the store, Benjamin was there some of the time and assisted at times in selling goods.   Shortly after his purchase, Benjamin sold and delivered the greater part of the stock to a third party, who, it is fair to assume removed them from the store, since more goods were purchased by Benjamin and added to the stock which continued in the building, the whole being put under the management and control of James.   James made purchases of additions to the stock, though in the name of his brother, and it is conceded he was to receive for himself the profits of the establishment.

The evidence furthermore tended to prove that the advertisement of the business was in the name of James.   That the application for a merchant's license was in the name of both brothers.   That the building was leased in the name of James and that the stock

was advertised in his name.    The evidence tending to
prove these things was allowed no force with the jury
by reason of the court's giving the following instruc-
tion for defendant:

"The jury are instructed that on the 5th day of
March, 1894, James Saunders executed to witness
B. F. Moore, as trustee, a certain deed of trust, con-
veying to said trustee a general stock in trade and
fixtures of the said James Saunders, to secure the pay-
ment of three notes payable to the claimant herein,
B. P. Saunders; and you are instructed that there is
no claim made by the plaintiffs, Steppacher, Arnold &
Co., that said deed of trust or the debts secured
thereby were fraudulent in any respect. You are there-
fore instructed that if you believe from the evidence
that said Moore, as said trustee, advertised said mer-
chandise and fixtures for sale under said deed of trust
and that said merchandise and fixtures were purchased
by the claimant herein, B. P. Saunders, and that
said claimant afterward sold all of said stock, excepting
the boots and shoes to the witness, Shenkner, and that
said claimant kept said boots and shoes and fixtures,
and purchased other goods from wholesale houses and
added the goods thus purchased thereto, and that the
goods and fixtures were the property of said claimant
at the time the sheriff of this county levied thereon
under the execution against James Saunders read in
evidence, and at the time the claim thereto was filed
by him with the sheriff, then your verdict must be for
said claimant, B. P. Saunders; and under such cir-
cumstances it is immaterial in this case that the lease
on the building read in evidence was taken in the
name of James Saunders, or that he advertised said
stock in his own name or that in the application for a
merchant's license read in evidence, the names of both
James Saunders and B. P. Saunders appear."

The instruction was erroneous. The property might have been Benjamin's, at the time of his claim, as between him and James and yet not be his as against the claims of creditors. It utterly fails to submit the hypothesis óf a change of possession. The statute, section 5178, as interpreted by the courts, requires an open, notorious and *continued* change of possession in order that the sale may be valid against creditors notwithstanding that it be valid between the parties.

FRAUDULENT conveyances: change of possession; instruction.

It may be it was considered that since the trustee took possession of the stock from James, and advertised and sold it, Benjamin becoming the purchaser, this was a sufficient possession as against creditors. But this action on the part of the trustee and Benjamin was not all concerning the character of the possession as regards its continuance. The possession must not only be open and notorious, but it must be *continuous*. The act of the trustee in taking possession and selling to Benjamin was no more than if James had voluntarily sold and turned over the possession to Benjamin. In neither case would it be permissible for Benjamin to fail to continue the possession as owner, in an open and notorious manner. He could not be allowed to turn back the control and possession to the former owner to run as formerly. We do not pretend to say whether the facts in this case establish, or do not establish the requisite possession in Benjamin. But we are clear that it was improper to withdraw from the consideration of the jury potent facts which bear on that question.

The judgment will be reversed and the cause remanded. All concur.